**CROSSROADS WEST SHOPPING CENTER, LTD., A Corporation, Plaintiff-Respondent,**

v.

**AMERICAN OIL COMPANY, A Corporation, Defendant-Appellant.**

**No. WD 33640.**

Missouri Court of Appeals,
Western District.

March 8, 1983.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and
Denied May 3, 1983.

Application for Transfer Sustained
May 31, 1983.

Case Retransferred Oct. 5, 1983.

Court of Appeals Opinion
Readopted Oct. 13, 1983.

**446**

Gerald R. Ortbals, Greensfelder, Hemker, Wiese, Gale & Chappelow, St. Louis, for defendant-appellant.

Richard C. Thomas, Bear, Hines & Thomas, Columbia, John C. Milholland, Harrisonville, on brief, for plaintiff-respondent.

Before TURNAGE, P.J., and CLARK and KENNEDY, JJ.

TURNAGE, Presiding Judge.

This case involves a Chapter 534 unlawful detainer action. Crossroads West Shopping Center, Ltd., filed suit against American Oil Company [Amoco] alleging a breach of the lease and seeking a declaration of forfeiture of the leased premises. The trial court found that there were two grounds of substantial breach which warranted a forfeiture and surrender of possession.

On this appeal, Amoco raises a number of procedural points, including a contention that the lower court erred in attempting to exercise jurisdiction over this case because it was not heard by an associate circuit court judge. Reversed and remanded.

The issue of who should preside over cases involving unlawful detainers is set forth in § 534.060 RSMo 1979,[1] which states in pertinent part:

> Forcible entries and detainers, and unlawful detainers, may be heard and determined by any associate circuit judge of the county in which they are committed.

Neither the provisions of this section or any other section in this chapter shall preclude adoption of a local circuit court rule providing for the centralized filing of such cases, nor the assignment of such cases to particular associate circuit or circuit judges pursuant to local circuit court rule or action by the presiding judge of the circuit. Such cases shall be heard and determined by associate circuit judges unless a circuit judge is transferred or assigned to hear such case or cases. . . .

This case was presided over by the presiding judge of the circuit court, rather than by an associate circuit judge. Crossroads argues that the presiding judge acted properly in hearing this case in that this case comes within the two exceptions provided for in the statute.

The first of these exceptions is that a case may be heard by a circuit judge if it is assigned to that judge. In support of this point, Crossroads refers this court to the following excerpt from the court's minutes:

> Sept. 2–80 Set for Dec. 6, 1980, 1st Setting Div. II—Jury Ord. F.C.

Crossroads points out that "F.C." are the initials of the presiding judge who heard this case, and argues that the above excerpt constitutes an assignment as required by the statute. This court is convinced, however, that the above excerpt is merely a trial setting rather than an assignment of the case. Furthermore, it is irrelevant that the above notation was made and that the case was heard by the presiding judge. The statute requires a formal assignment in order for such actions to be heard by circuit judges rather than by associate circuit judges. An exception to this rule in situations where the case is actually heard by the presiding judge, as occurred here, would constitute an amendment to § 534.060. Such action is beyond the power of this court, and is within the exclusive province of the legislature.

---

1. Crossroads suggests that this action was not brought under Chapter 534. However, the first finding of fact entered by the trial court was that this action was brought under the provisions of Chapter 534 to recover possession of leased property.

The second exception to the rule that unlawful detainer suits be heard by associate circuit judges is that individual circuit courts may adopt a local circuit court rule stating that unlawful detainer actions may be heard by specific circuit judges. In claiming that this case falls within that exception, Crossroads refers to Rule Six in the Rules of the Circuit Court of Boone County, which states in pertinent part:

There shall be a centralized assignment procedure for all cases filed in the Circuit Court of Boone County only.

The Presiding Judge of the Circuit shall have the authority to assign judges to hear such cases or classes of cases as the Presiding Judge may determine, and to assign judges to divisions.

Because an assignment was not made, the above rule does not bring this case within the first exception to § 534.060. Similarly, the above rule does not satisfy the second exception, in that it does not specifically state that unlawful detainer cases may be heard by specific circuit judges. Therefore, this case comes under the general rule that unlawful detainer cases shall be heard by associate circuit judges.

Based on the above discussion, the ultimate issue in this case is whether the failure to comply with § 534.060 means that the circuit judge was without jurisdiction in this case. In addressing this question, it is useful to refer to the former version of § 534.060, which stated:

Forcible entries and detainers, and unlawful detainers, shall be cognizable before any *magistrate* of the county in which they are committed (emphasis supplied).

The above use of the word magistrate is reflective of the fact that this was the term formerly used to refer to the office now known as associate circuit judge. This change was noted in the Missouri constitution as follows:

Associate circuit judges may hear and determine all cases, civil or criminal and all other matters as now provided by law for magistrate or probate judges.... Mo. Const. Art. 5, § 17 (1976).

The Historical Note to the former version of § 534.060 adds that the 1945 amendment to the section substituted "magistrate" for "justice of the peace."

Under the old justice court system, it was well established that the justice courts had exclusive original jurisdiction of unlawful detainer suits, *Ashenhurst v. Johnson,* 167 S.W.2d 397, 399[2] (Mo.App.1942), and that the circuit courts had only appellate jurisdiction over such cases. *Downing v. LaShot,* 202 Mo.App. 509, 212 S.W. 30, 32[1] (Mo.App.1919).

Since associate circuit judges now stand in the place of justices of the peace, it follows that under § 534.060 and Art. 5 § 17 of the Missouri Constitution, the circuit judge acted without jurisdiction in hearing this case.[2] Therefore, this case is reversed and remanded with directions to assign the case in accordance with § 534.-060.

All concur.