V.S. INVESTMENT CORPORATION, and The New Village Square Flaming Pit, Inc., Plaintiffs/Appellants, Cross-Respondents,

v.

VILLAGE SQUARE SHOPPING CENTER and E. Jerry Hardesty and Joseph L. Johnson, Defendants/Respondents, Cross-Appellants.

Nos. 48713, 48699.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 19, 1985.

Brackman, Copeland, Oetting, Copeland, Schmidt & Stock, Steven W. Garrett and Paul Brackman, Clayton, for plaintiffs/appellants, cross-respondents.

David G. Dempsey, James F. Sanders, Shifrin, Treiman, Barken, Dempsey & Ulrich, St. Louis, and Rollin J. Moerschel and Allen D. Kircher, Hannegan, Stokes, Moerschel & Weber, P.C., St. Charles, for defendants/respondents, cross-appellants.

DOWD, Presiding Judge.

Plaintiffs, V.S. Investment Corporation, et al., appeal from an adverse judgment awarding them $4,129.00 damages incurred through defendants' failure to repair its roof under Count III of their petition. Plaintiffs also seek injunctive relief (Count I) enjoining defendants from violating an exclusive use provision in their lease agreement, a declaratory judgment (Count II) regarding each parties rights as to repairs of the roof, and damages (Count IV) resulting from profits lost to a competitive restaurant in defendants' shopping center. Defendants cross appeal seeking interest denied by the trial court on rental payments withheld by plaintiffs.

On appeal plaintiffs contend the trial court erred by (1) concluding that laches constituted a valid defense to their equitable cause of action; (2) concluding that plaintiffs sought equitable relief with unclean hands; (3) allowing the defense witness to render an opinion without being qualified as an expert; (4) entering judgment for defendants on Count IV without substantial evidence and against the weight of the evidence. On its cross-appeal, defendants contend the trial court erred in not awarding them interest on their counterclaim for past due rent.

On February 8, 1975, plaintiffs leased space in the Village Square Shopping Center from defendants to operate a restaurant known as the "Flaming Pit." The

lease contained an exclusive use provision prohibiting the defendants from leasing over 1000 square feet of space to any other dining establishment. Shortly after the execution of the lease, the parties orally agreed that defendants may operate a dining facility known as the "Pick-A-Deli." It occupied 1400 square feet and offered a menu consisting of a wide range of foods including sandwiches and steaks as well as beer and wine. In August 1975, defendants leased space to the Magic Recipe Pizza Restaurant and Bar. Originally it occupied 800 square feet but was expanded to 1600 square feet in June 1978.

For eight months prior to the institution of this suit, (August 1982), plaintiffs had withheld rent payments complaining of a leaky roof. Defendants eventually repaired the roof but not until the plaintiffs had incurred substantial damage to their restaurant.

In its judgment, the trial court concluded that (1) due to the oral agreement between plaintiffs and defendants concerning the Pick-A-Deli restaurant, any right to enforce the exclusive use provision had been waived; (2) plaintiffs' unreasonable delay in prosecuting its equitable cause of action prejudiced the defendants resulting in a valid defense of laches; (3) plaintiffs' withholding of rental payments resulted in their seeking equitable relief with unclean hands; (4) upon its own admission defendants are liable to plaintiffs for $4,192.00 water damage due to a leaky roof; (5) plaintiffs are liable on defendant's counterclaim for unpaid rent totaling $26,046.16 without interest.

The record demonstrates that the testimony is conflicting. The resolution of the conflicting testimony, the credibility of the witnesses, and the weight to be given to the testimony were matters peculiarly within the province of the trier of fact. Rule 73.01(c) *see also Kim Mfg., Inc. v. Superior Metal Treating Inc.*, 537 S.W.2d 424, 428 (Mo.App.1976). Our review of this appeal is constrained by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). Accordingly, we have reviewed the transcript, pleadings, and the briefs under the standard of *Murphy v. Carron, supra* and conclude that the judgment is supported by substantial evidence and is not against the weight of the evidence. No error of law appears.

We further determine that an extended opinion would serve no precedential value. This court affirms the judgment of the lower court in accordance with Rule 84.16(b).

CRIST and CRANDALL, JJ., concur.