**C.G.S. REALTY COMPANY,
Plaintiff-Respondent,**

v.

**Minnie JACOBS, Defendant-Appellant.**

**No. 49164.**

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 8, 1985.

CARL R. GAERTNER, Judge.

On October 29, 1982, a judgment in the amount of $1,720.00 was entered against Minnie Jacobs, appellant, and Luelinda Richardson in respondent's suit for rent and possession. Fifteen months later, on January 9, 1984, appellant alone filed a petition for review pursuant to Rule 74.32, contending the judgment was invalid as she had received no notice of the October 29, 1982 trial date. After a hearing before an associate circuit judge on March 20, 1984, the petition for review was denied. Appellant filed an application for trial de novo in the circuit court on March 29, 1984. No trial de novo has ever been held.

On September 19, 1984, counsel for appellant filed in this court[1] a motion for leave to file a late notice of appeal pursuant to Rule 81.07. In this motion counsel for appellant alleged that a judgment in the amount of $1,720.00 was entered against her on *March 20, 1984*. The motion was granted and appellant then filed a notice of appeal from the judgment entered on *October 29, 1982*.

We look first to the question of our jurisdiction to entertain this appeal. Rule 81.07 provides that an appellate court may allow a late filing of notice of appeal "only upon motion with notice to adverse parties, filed within six months from the date of final judgment...." Appellant's attempt to appeal belatedly to this court from the judgment entered October 29, 1982 is obviously without merit as the motion was not filed within 6 months of the date of the final judgment. Moreover, appeal from that judgment, entered by an associate circuit judge without a jury in a Chapter 517 case, does not fall within the purview of Rule 81.07. Supreme Court rules and statutes pertaining to appeals are expressly excluded from application to such cases by section 517.020.2(5), RSMo.1978. *State ex rel. Sweet v. Smith*, 659 S.W.2d 578, 580 (Mo.App.1983).

Sandra Farragut-Hemphill, Legal Services of Eastern Missouri, Inc., St. Louis, for defendant-appellant.

Daniel Chartrand, Wright & Chartrand, Clayton, for plaintiff-respondent.

1. Counsel for appellant is admonished that this is not "the Appellate Court of the City of St. Louis" nor are we judges of the 8th Circuit Court of Appeals, misnomers appearing upon the documents filed in this court on September 19, 1984.

Even if we were to disregard the averments of counsel for appellant and consider this to be an appeal from the denial of the petition for review, we would nevertheless be without jurisdiction. A petition for review under Rule 74.12 or its companion statute, § 511.170, RSMo.1978, assumes the dignity of a separate lawsuit and constitutes a new and independent procedure in the nature of a writ of coram nobis. The ruling on the petition is a final, appealable judgment in itself. *In Re Marriage of Bradford,* 557 S.W.2d 720, 724 (Mo.App. 1977); *In Re Jackson's Will,* 291 S.W.2d 214, 220 (Mo.App.1956). In this case appellant's petition for review was heard by an associate judge without a jury and without any record of the proceedings. His judgment is not appealable directly to this court, but is subject to trial de novo in the circuit court. § 512.180, RSMo.1978.

Accordingly, whether this be considered as an appeal from the money judgment of October 29, 1982 or from the judgment denying the petition for review, we are without jurisdiction.

Appeal dismissed.

PUDLOWSKI, P.J., and KAROHL, J., concur.