**Casper A. THORPE and Rose Thorpe, Respondents,**

v.

**Richard B. MEIER and Cheryl Z. Clark, Appellants.**

No. 15273.

Missouri Court of Appeals, Southern District, Division One.

July 25, 1988.

Brad D. Eidson, Houston, for appellants.

Ralph J. Haslag, Thomas, Birdsong, Clayton & Haslag, P.C., Rolla, for respondents.

CROW, Chief Judge.

Richard B. Meier and Cheryl Z. Clark ("defendants") appeal from an order denying their amended motion under Rule 74.-78[1] to set aside a $10,711.92 judgment against them and in favor of Casper A. Thorpe and Rose Thorpe ("plaintiffs"). We recite only the facts necessary to resolve the appeal.

On July 8, 1986, plaintiffs filed an unlawful detainer action under chapter 534, RSMo 1986, against defendants in an associate division of the Circuit Court of Phelps County. The cause was set for trial August 6, 1986; summonses were issued to, and served on, defendants.

On August 6, 1986, attorney Ralph J. Haslag, representing plaintiffs, and attorney Roger A. Carnahan, representing defendants, filed a written stipulation in the trial court, providing, in pertinent part:

"1) ... plaintiffs are entitled to possession of the real estate more particularly described in their petition and defendants shall vacate said premises no later than 11:59 p.m. on August 6, 1986.

2) All other matters shall be continued to be set at a later date."

---

1. Rule references are to Missouri Rules of Civil Procedure (18th ed. 1987) unless otherwise indicated. Rule 74.78 provides: "Upon the entry of an order or judgment, the clerk shall serve a notice of the entry by mail ... upon every party affected thereby who is not in default for failure to appear and who was not present in court in person or by attorney at the time of the entry of such order of judgment. If such notice is not given, said order or judgment shall be set aside for good cause shown upon written motion filed within 6 months from the entry of the order or judgment."

The trial court's docket sheet bears the following entry dated August 6, 1986:

"Counsel for both sides file stipulation. Stipulation approved and order per Memo filed. Per stipulation, case reset for 11:00 AM on 9–26–86."

On August 14, 1986, a motion was filed in the trial court by attorney Carnahan seeking leave to withdraw as counsel for defendants; it was set for hearing August 26, 1986. The trial court's docket sheet bears the following entry dated August 26, 1986:

"Motion for Leave to Withdraw filed by Roger A. Carnahan is called and sustained. Roger A. Carnahan allowed to withdraw as attorney for defendants. Clerk is directed to notify defendants."

On September 26, 1986, plaintiffs appeared in the trial court with their attorney. Defendants failed to appear, either in person or by attorney. Evidence in support of the petition was presented by plaintiffs and heard by Honorable B.B. Turley, an associate circuit judge. Judge Turley's entry on the docket sheet that date states, in pertinent part:

"Counsel for plaintiffs advise that communication with office of Roger Carnahan indicates that defendants were notified in writing of trial setting by letter of 8–12–86."

Judge Turley found that plaintiffs were entitled to possession of the subject property and to damages in the aggregate amount of $10,711.92, pursuant to § 534.330, RSMo 1986. A formal judgment to that effect was entered October 2, 1986.

On March 23, 1987, with the assistance of the attorney now representing them in this appeal, defendants filed in the trial court an amended motion to set aside the judgment. The motion averred, among other things, that defendants did not recall being advised that the cause had been set for September 26, 1986, that the clerk of the trial court did not serve notice of the entry of the judgment on defendants as required by Rule 74.78,[2] and that defendants did not discover the existence of the

judgment until on or about December 15, 1986. The motion prayed the trial court to set aside the judgment and to schedule the cause for trial on the merits.

On April 21, 1987, Judge Turley conducted a hearing on defendants' motion. Defendant Meier testified he was aware, as of September 26, 1986, that attorney Carnahan no longer represented him. Meier explained that during a telephone conversation with Carnahan, Carnahan had stated he was going to withdraw. Asked whether he recalled anything else about that conversation, Meier responded, "He said that— that the unlawful detainer that they had entered into some sort of an agreement that I had to be out by August 6, and that it was indefinitely continued." Meier added that Carnahan had instructed him to "come by his office and pick up the remainder of the retainer I had paid him." Asked what he did as a result of the telephone conversation, Meier answered, "I started looking for another attorney and went by [Carnahan's] office and picked up the remainder of my check."

Meier testified he obtained another attorney on September 25, 1986, but did not inform the attorney that there was a trial date of September 26, as he (Meier) did not know about it. Meier insisted he never received any written notification concerning the judgment that had been rendered against him.

At the instance of plaintiffs, Judge Turley received in evidence an affidavit of attorney Carnahan. No hearsay objection was registered to the affidavit, and no error is assigned here regarding its admission. The affidavit said:

"Roger Andrew Carnahan ... states: He was the attorney for [defendants] in the [unlawful detainer] case on August 6, 1986, and that thereafter, he sent to the ... Defendants a letter dated August 12, 1986, a copy of which is attached to this Affidavit ... and incorporated by reference. He further states that enclosed in that Letter was a refund of retainer check, which check has been since cashed by Defendants."

---

**2.** Footnote 1, *supra.*

Attached to Carnahan's affidavit was a copy of a letter dated August 12, 1986, addressed to defendants. It stated, in pertinent part:

"Enclosed are the following documents:

....

3. Copy of Motion for Leave to Withdraw filed in the rent and possession action filed against you by Mr. and Mrs. Thorpe.

4. Copy of a letter to Judge Turley, asking that he grant leave to withdraw.

....

The rent and possession action scheduled for hearing on August 6, 1986, a stipulation was entered whereby it was agreed Thorpes were entitled to possession of the property on August 6, 1986, and that you would vacate the same. This was done pursuant to your agreement with Thorpes you would be out on August 6th if they gave you a price for the kennels. The other issues in the case were continued for hearing on September 26, 1986, at 11:00 a.m.

You should obtain the services of an attorney to represent you in these matters. Please do this as soon as possible so he will have time to prepare.

Also enclosed is a statement for services rendered. This statement shows you are entitled to a credit on the initial retainer. Enclosed is my check for the refund.

You are welcome to review your file at any time and to have documents or copies of any of the items you or your attorney may desire. Please make an appointment to come by my office and pick these items up...."

Defendant Meier, during cross-examination, denied receiving the above letter. He reiterated he went to Carnahan's office and picked up the check from Carnahan's secretary.

John D. Beger, a Rolla attorney, testified that defendant Meier conferred with him about the unlawful detainer action "sometime in August," 1986. Beger recalled telling Meier that he (Beger) wanted to look at Carnahan's file. The next day, according to Beger, he obtained the file and found no indication in it of the trial date of September 26, 1986. In December, 1986, upon learning about the judgment, Beger called Carnahan and asked whether he had ever sent any notice to Meier of the trial date. Beger quoted Carnahan as saying he had, and that he had a copy of the letter.

Defendant Clark did not appear at the hearing on the motion to set aside the judgment.

At the conclusion of the hearing, Judge Turley found that defendants had actual knowledge of the September 26, 1986, hearing date. Judge Turley subsequently entered a formal order denying defendants' amended motion to set aside the judgment. Included in the order was a finding that defendants had failed to show good cause why such relief should be granted. This appeal followed.

■ Defendants' first point avers the trial court erred in entering the judgment of October 2, 1986, in that such judgment "exceeds the jurisdictional amount" of an associate circuit judge. Defendants rely on § 534.060, RSMo 1986, which provides:

"... unlawful detainers ... may be heard and determined by any associate circuit judge of the county in which they are committed.... Such cases shall be heard and determined by associate circuit judges unless a circuit judge is transferred or assigned to hear such case or cases or unless the plaintiff pursuant to subsection 2 of section 478.250, RSMo, has designated the case as one to be heard under the practice and procedure applicable before circuit judges and the case is heard by a circuit judge. If the case is heard before an associate circuit judge who has not been specially assigned to hear the case on the record, to the extent practice and procedure are not provided in this chapter the practice and procedure provided in chapter 517, RSMo, shall apply...."

Defendants direct our attention to § 517.010.1, RSMo 1986, which states that the provisions of chapter 517, RSMo, shall

apply to the practice and procedure in civil actions before associate circuit judges in hearing and determining cases within those classes of cases enumerated in subdivisions (1), (2) and (8) of subsection 2 of § 478.225, RSMo.[3] Section 478.225.2(1), RSMo 1978, which was in effect at the time the judgment was entered, provided that an associate circuit judge within the county for which he was an associate circuit judge could hear and determine, except as otherwise provided by law, all civil actions and proceedings for the recovery of money when the sum demanded, exclusive of interest and costs, did not exceed five thousand dollars.[4]

Defendants insist that by reason of the above statutes, the trial court was without jurisdiction to enter the $10,711.92 judgment against them.

Plaintiffs respond that chapter 534, RSMo 1986, sets no limit on the amount of damages an associate circuit judge can award in an unlawful detainer action heard and determined by such judge without special assignment under § 517.010.2, RSMo 1986.[5] Plaintiffs cite *Crossroads West Shopping Center, Ltd. v. American Oil Co.*, 658 S.W.2d 445 (Mo.App.1983), in support of their argument.

Plaintiffs emphasize that § 478.225.2, RSMo 1978, included the following in the list of the classes of cases that an associate circuit judge could hear and determine within the county for which he was an associate circuit judge:

"(8) Such other cases that could be heard and determined by a magistrate judge without assignment as an acting circuit judge under provisions of law in effect on January 1, 1979, including but not limited to ... actions for unlawful detainer authorized by chapter 534, RSMo...."

Section 534.060, RSMo 1969, which was in effect on January 1, 1979,[6] provided:

"... unlawful detainers ... shall be cognizable before any magistrate of the county in which they are committed."

Nothing in the above section, or elsewhere in chapter 534, RSMo 1969, placed any monetary limit on the amount of damages a magistrate could award in an unlawful detainer action. Indeed, § 534.310, RSMo 1969, in force on January 1, 1979,[7] provided:

"Whenever the ... finding of the magistrate shall be for the complainant, damages shall be assessed as well for waste and injury committed upon the premises found to have been ... unlawfully detained, as for all rents and profits due and owing up to the time of the rendering of the ... finding of the magistrate, and such ... finding shall also state the monthly value of the rents and profits of said premises."

Defendants do not cite, and our independent research has not found, any case holding that a magistrate, under provisions of law in effect on January 1, 1979, was limited in the amount of damages he could award in an unlawful detainer action under chapter 534. As explained in *Crossroads*, 658 S.W.2d at 447, associate circuit judges supplanted magistrates, who had earlier

---

**3.** Section 517.010, RSMo 1986, was carried forward unchanged from § 517.010, RSMo 1978. Section 517.010, RSMo 1978, was repealed effective January 1, 1987. C.C.S. No. 2 H.C.S.S.C.S. S.B. 5, et al., §§ B and C, Laws 1985, pp. 945–62. Inasmuch as the unlawful detainer action was filed prior to January 1, 1987, it was subject to § 517.010. § 517.161, RSMo 1986.

**4.** Section 478.225, RSMo 1978, was repealed and replaced by a new statute, similarly numbered, effective January 1, 1987. C.C.S. No. 2 H.C.S.S. C.S.S.B. 5, et al., §§ B and C, Laws 1985, pp. 945–62. The new statute, although not effective until January 1, 1987, appears in RSMo 1986. The former statute, although in force until January 1, 1987, does not appear in RSMo 1986. In

the hope of preventing confusion, we henceforth refer to the version of § 478.225 that was in force until January 1, 1987, as § 478.225, RSMo 1978. The monetary amount in § 478.225–.2(1) was increased to $15,000, exclusive of interest and costs, in the version that took effect January 1, 1987.

**5.** Footnote 3, *supra.*

**6.** Section 534.060, RSMo 1969, was repealed effective January 2, 1979, by H.B. 1634, §§ A and B, Laws 1978, pp. 696–976.

**7.** Section 534.310, RSMo 1969, was repealed effective January 2, 1979, by the legislation identified in footnote 6, *supra.*

supplanted justices of the peace. *See:* Mo. Const. art. V, §§ 1 and 20 (1945); Mo. Const. art. V, §§ 1 and 17 (adopted August 3, 1976, effective January 2, 1979). *Crossroads,* citing *Ashenhurst v. Johnson,* 167 S.W.2d 397, 399[2] (Mo.App.1942), teaches that while they existed, justices of the peace had *exclusive* original jurisdiction of unlawful detainer actions. *Crossroads,* 658 S.W.2d at 447. It is unthinkable that the law during the justice of the peace era would have compelled a party seeking redress in an unlawful detainer action to bring such action before a justice of the peace if such official had been limited in the amount of damages he could award. Such a requirement would have denied an injured party full recovery if the amount of his damages exceeded the monetary limit placed on awards by justices of the peace in certain types of civil actions. On that subject, we observe that section 2552, RSMo 1939, in force when *Ashenhurst* was decided, provided:

> "Except as otherwise provided by law, justices of the peace shall have original jurisdiction of all civil actions and proceedings for the recovery of money, whether such actions be founded upon contract or tort, or upon a bond or undertaking given in pursuance of law in any civil action or proceeding, or for a penalty or forfeiture given by any statute of this state, when the sum demanded, exclusive of interest and costs, does not exceed two hundred and fifty dollars, and of all actions against any railroad company in this state, to recover damages for the killing or injuring horses, mules, cattle or other animals, within their respective townships, without regard to the value of such animals, or the amount claimed for killing or injuring the same."

It is clear from § 2552 that justices of the peace were not limited in the amount they could award against railroad companies in civil actions for killing or injuring animals. The same is true today of associate circuit judges in actions against railroad companies for killing or injuring animals. § 478.225.2(2), RSMo 1986.

Furthermore, it must be remembered that the $5,000 limitation relied on by defendants in the instant case appeared in subdivision (1) of subsection 2 of § 478.225, RSMo 1978, not in subdivision (8) of subsection 2 of § 478.225, RSMo 1978, quoted earlier. Subdivision (8) is the provision that commissioned associate circuit judges to hear and determine actions for unlawful detainer authorized by chapter 534, RSMo. No monetary limitation appeared in subdivision (8) regarding chapter 534 actions.

It is also significant that the sentence seized upon by defendants in § 534.060, RSMo 1986, states: "If the [unlawful detainer] case is heard before an associate circuit judge who has not been specially assigned to hear the case on the record, to the extent practice and procedure are not provided in this chapter the practice and procedure provided in chapter 517, RSMo, shall apply." The sentence specifically refers to the *practice and procedure* established by chapter 517; it does not purport to diminish the authority conferred on associate circuit judges by subdivision (8) of subsection 2 of § 478.225, RSMo 1978, to hear and determine unlawful detainer actions under chapter 534 by engrafting thereon the $5,000 limitation established by subdivision (1) of subsection 2 of § 478.225, RSMo 1978, applicable to ordinary civil actions before associate circuit judges for the recovery of money. Indeed, subdivision (1) of subsection 2 of § 478.225, RSMo 1978, which established the $5,000 limitation, began by saying: "Except as otherwise provided by law...." That phrase implies that subdivision (1) of subsection 2 of § 478.225, RSMo 1978, did not govern all civil actions before associate circuit judges.

We are thus persuaded that in the instant case, Judge Turley did not exceed his jurisdiction in awarding plaintiffs damages of $10,711.92 in the judgment of October 2, 1986. In so deciding, we do not declare that this issue is properly before us in the instant appeal which, it must be remembered, is not an appeal from the 1986 judgment, but is instead an appeal from the 1987 order denying defendants' amended motion under Rule 74.78 to set the 1986 judgment aside. It may be arguable that

defendants' first point is not cognizable in this appeal from the denial of their motion under Rule 74.78. However, we have chosen not to grapple with the latter issue, and have assumed, arguendo, that defendants' first point can be asserted in this appeal. For the reasons set forth above, we have found the point without merit.

Before considering defendants' two remaining points, we must address a contention raised by plaintiffs. They insist:

"This appeal from [a judgment in] an unlawful detainer action heard in 1986 must be dismissed because the Court of Appeals ... does not have jurisdiction to hear an appeal of [a judgment in] an unlawful detainer action heard by an associate circuit judge, without assignment, under section 512.180, RSMo [Cum.Supp.] 1984, in effect until December 31, 1986, in that [defendants'] only remedy was to request a trial de novo in the Circuit Court of Phelps County ... which was not done in the underlying action."

Section 512.180, RSMo Cum.Supp.1984,[8] cited by plaintiffs, provided:

"1. Any person aggrieved by a judgment in a civil case tried without a jury before an associate circuit judge, other than an associate circuit judge sitting in the probate division or who has been assigned to hear the case on the record under procedures applicable before circuit judges, shall have the right of a trial de novo.

2. In any civil case tried with a jury before an associate circuit judge or on assignment under such procedures applicable before circuit judges ... a record shall be kept and any person aggrieved by a judgment rendered in any such case may have an appeal upon that record to the appropriate appellate court...."

Plaintiffs' argument assumes, and the record on appeal demonstrates, that the hearing on September 26, 1986, that produced the judgment of October 2, 1986, was conducted by Judge Turley without assignment to hear the case on the record

under procedures applicable before circuit judges.

Plaintiffs, in support of their premise that defendants' appeal must be dismissed, cite *Plaza Point Investments, Inc. v. Dunnaway,* 637 S.W.2d 303 (Mo.App.1982). There, the lessor of an apartment filed suit against a lessee in a division of the circuit court presided over by an associate circuit judge. The lessee, through counsel, filed an answer but subsequently failed to appear on the trial date, March 27, 1981. The associate circuit judge entered a money judgment "by default" against the lessee. On April 20, 1981, the lessee filed a motion to set the judgment aside. The associate circuit judge denied the motion May 28, 1981, for lack of jurisdiction. On June 3, 1981, the lessee filed application for trial de novo. Two days later, the lessee filed a notice of appeal to the Western District of this Court from the order of May 28, 1981.

Emphasizing that the right of appeal is purely statutory, and that the only right of appeal to the Court of Appeals from a judgment of an associate circuit judge appeared in § 512.180.2, RSMo 1978, which did not apply in the circumstances there, the Western District of this Court ordered the appeal dismissed for lack of jurisdiction. *Id.* at 305–06.

While *Plaza Point,* upon cursory examination, appears to dictate that defendants' appeal in the instant case be dismissed, there is one important difference between the instant case and *Plaza Point.* Here, defendants appeal from the 1987 order denying their amended motion under Rule 74.78 to set aside the 1986 judgment. Nothing in *Plaza Point* indicates that the appeal there was from an adverse order under Rule 74.78.

In *C.G.S. Realty Co. v. Jacobs,* 699 S.W.2d 122 (Mo.App.1985), an associate circuit judge entered a money judgment against a tenant in a rent and possession suit. Fifteen months later the tenant filed a petition for review under Rule 74.32, Missouri Rules of Civil Procedure (15th ed.

---

**8.** Section 512.180, RSMo Cum.Supp.1984, was repealed and replaced by a new statute, similar-ly numbered, effective January 1, 1987, by the legislation identified in footnote 3, *supra.*

1984), averring the judgment was invalid as she had received no notice of the trial date. After a hearing before an associate circuit judge, the petition for review was denied. The tenant filed a notice of appeal to the Eastern District of this Court. The Eastern District stated that the petition for review assumed the dignity of a separate lawsuit and constituted a new and independent procedure in the nature of a writ of coram nobis, hence the ruling on the petition was a final, appealable judgment in itself. *Id.* at 124[3]. However, said the Eastern District, the tenant's petition for review was heard by an associate circuit judge without a jury and without any record of the proceedings; consequently, the judgment denying the petition was not appealable directly to the Court of Appeals, but was subject to trial de novo per § 512.180, RSMo 1978. *Id.* at 124[4]. The appeal was dismissed.

*C.G.S. Realty* indicates, of course, that Judge Turley's order denying defendants' amended motion under Rule 74.78 is a separate, appealable judgment. If that be correct, one might conclude that defendants' ·appeal is properly before us, even though defendants might not have been entitled to appeal directly to us from the 1986 judgment under the version of § 512.180 in effect at the time such judgment was entered (the version in RSMo Cum.Supp.1984, quoted *supra*).

If, however, we assume Judge Turley's order denying defendants' motion is a separate, appealable judgment, a question arises as to whether defendants, instead of appealing to this Court, should have made application for trial de novo in the circuit court, as held in *C.G.S. Realty,* inasmuch as Judge Turley heard and determined the motion without assignment to do so on the record under procedures applicable before circuit judges.

On that subject, one must be aware that § 512.180 was not the same in 1987 when Judge Turley heard and determined the motion as it was in 1986 when the $10,711.92 judgment was entered. The version of § 512.180 in effect in 1987 is the version appearing in RSMo 1986. It is arguable

under that version—which we need not quote in this opinion—that Judge Turley's order denying the motion is appealable directly to this Court even though Judge Turley heard and determined the motion without assignment under procedures applicable before circuit judges.

We have concluded, however, that it is unnecessary to resolve the issues raised by plaintiffs' assertion that the appeal should be dismissed. As shall appear more fully *infra,* we find no merit in defendants' two remaining points. Consequently, we have elected to assume, without deciding, that defendants' appeal is properly before us, and we shall set forth hereafter our reasons for rejecting their two remaining assignments of error.

In the first of the two, defendants aver:

"The trial court erred by abusing its discretion in overruling defendant's [sic] motion to set aside judgement on the basis that Rule 74.78 was not followed by the clerk; defendants never received notice of entries of orders and judgements herein; defendants showed good cause to set aside said judgement; and, defendants timely filed a motion to set aside judgement."

Plaintiffs respond that Rule 74.78 does not apply in the instant case, in that the rule requires the clerk to serve notice of entry of judgment only upon every party affected thereby *who is not in default for failure to appear* and who was not present in court in person or by attorney at the time of the entry of judgment. Plaintiffs maintain that defendants were in default within the meaning of Rule 74.78 because they (1) failed to file an answer, and (2) were not present in the trial court on the scheduled trial date. Consequently, say plaintiffs, the notice requirement of Rule 74.78 was not activated.

Plaintiffs tacitly concede that Rule 74.78 is applicable to civil actions heard by an associate circuit judge. In that regard, Rule 41.01(f), Missouri Rules of Civil Procedure (17th ed. 1986), the version in effect at the time of the 1986 judgment and at the time of Judge Turley's order denying de-

fendants' amended motion under Rule 74.-78, provided:

> "Rules ... 74 ... apply to civil actions that are pending before, or that have been heard by, an associate circuit judge."

Plaintiffs also acknowledge that defendants were not obligated to file an answer. Plaintiffs nonetheless insist that the lack of an answer, coupled with defendants' absence on the trial date, placed defendants in "default" within the meaning of Rule 74.78, hence they were not entitled under that rule to notice of entry of the judgment.

Plaintiffs cite two cases in support of their argument: *Jones v. Chrysler Corp.,* 731 S.W.2d 422 (Mo.App.1987), and *Arnold v. Arnold,* 684 S.W.2d 451 (Mo.App.1984). In both of those cases, however, it is clear that under the procedural rules applicable thereto the sued parties were *required* to file an answer but neglected to do so. Plaintiffs cite no case holding that a party who is not required to file an answer in a case pending before an associate circuit judge is in "default" if he files none.

As shall become apparent *infra,* we find it unnecessary to decide whether defendants were not in default for failure to appear on the date plaintiffs' evidence was heard in the unlawful detainer case. For the purpose of defendants' second point, we shall assume, without deciding, that defendants were entitled to the notice provided for in Rule 74.78.

■ When a party is not present in the trial court on the date of trial and the trial court proceeds to hear the adverse party's evidence and subsequently enters judgment against the absent party, the latter, to be entitled to an order setting aside the judgment, must show that he has a meritorious defense and had good reason or excuse for failing to be present in court when required. *Hinson v. Hinson,* 518 S.W.2d 330, 332[4] (Mo.App.1975). When the absent party's application to set aside such judgment has been denied by the trial

court, the trial court's action will not ordinarily be disturbed unless the above elements are so clearly apparent that it is manifest that the refusal to set the judgment aside was arbitrary. *Id.* at 332[5].

In the instant case, defendants averred in their amended motion under Rule 74.78 that they did not recall being advised that the unlawful detainer case had been set for September 26, 1986. Defendant Meier's testimony at the evidentiary hearing April 21, 1987, supported that allegation. Attorney Carnahan's affidavit, however, coupled with his letter to defendants of August 12, 1986, demonstrated that defendants were advised of the September 26, 1986, trial date several weeks prior to it. Carnahan's affidavit further showed that the check enclosed with the letter of August 12, 1986, was cashed by defendants.

■ Carnahan's affidavit was obviously hearsay, *Wahl v. Cunningham,* 332 Mo. 21, 56 S.W.2d 1052, 1059[12] (banc 1932), but it was received without objection on that ground. Hearsay evidence, if not objected to, is admissible and may be considered along with other evidence. *Conlon v. Roeder,* 418 S.W.2d 152, 158–59[5] (Mo. 1967); *G__ M__ H__ v. J__ L__ H__,* 700 S.W.2d 506, 512[1] (Mo.App.1985). The probative worth and value of such evidence is for the trier of the facts. *G__ M__ H__,* 700 S.W.2d at 512[1]; *Bourne v. Manley,* 435 S.W.2d 420, 427–28[8] (Mo. App.1968).

Judge Turley, as we have seen, found that defendants had actual knowledge of the trial date of September 26, 1986. It is apparent from that finding that Judge Turley believed Carnahan's version of the matter and disbelieved defendant Meier's version.[9] The resolution of the conflicting evidence, the credibility of the witnesses, and the weight to be given to the testimony were matters peculiarly within the province of Judge Turley as the trier of fact. *V.S. Investment Corp. v. Village Square Shopping Center,* 688 S.W.2d 44, 46[1] (Mo.App.

---

**9.** As noted *supra,* defendant Clark did not testify in support of the amended motion under Rule 74.78.

1985); *Kim Manufacturing, Inc. v. Superior Metal Treating, Inc.*, 537 S.W.2d 424, 428[3] (Mo.App.1976).

Defendants concede in their brief that the only fact dispute pertinent to this appeal was whether they received the August 12, 1986, letter from Carnahan. As noted above, the trial court resolved that issue adversely to defendants, as it was the trial court's prerogative to do. As the trial court found that defendants had actual knowledge of the September 26, 1986, trial date, it was incumbent on them to show good cause why they were not present. They failed to do so.

Even if defendants had been unable to employ new counsel between the date of Carnahan's withdrawal and the trial date, they could have sought a continuance for such purpose, or they could have attended court on the trial date. If defendants had been present, they would have been aware of Judge Turley's findings in plaintiffs' favor, and defendants would have known that judgment was going to be entered against them.

Inasmuch as defendants, under the facts found by Judge Turley, had no acceptable excuse for their absence on the trial date, we need not determine whether their evidence at the hearing on the amended motion under Rule 74.78 established the existence of a meritorious defense, as both requirements had to be met before defendants would have been entitled to an order setting the judgment aside. *Young v. Cole*, 549 S.W.2d 625, 626 (Mo.App.1977). Defendants' second point is denied.

■ Defendants' final assignment of error is that the trial court, at the hearing on the Rule 74.78 motion, erred in excluding defendants' evidence regarding their efforts to obtain counsel after Carnahan's withdrawal. Defendants maintain such evidence "was relevant to show diligence and good faith on behalf of defendants in their efforts to be present and represented at trial."

In an offer of proof after plaintiffs' objection to such evidence had been sustained, defendant Meier recounted he talked to four other attorneys between the time of Carnahan's withdrawal and the conference with attorney Beger.

We find the point without merit. The pivotal issues, as we have seen, were whether defendants had knowledge of the scheduled trial date in advance of it and whether they had a reasonable excuse for failing to attend court on such date. Evidence that defendant Meier had talked to various attorneys prior to the trial date would not have demonstrated a reasonable excuse for defendants' absence at trial unless such evidence had shown that defendants believed one of the attorneys was going to obtain a postponement of the trial. No such evidence appeared in the offer of proof. Defendants' final point is rejected and the order denying the amended motion to set aside the judgment of October 2, 1986, is affirmed.

GREENE, P.J., and HOLSTEIN, J., concur.