Richard L. **MEREMONTE**, Appellant,

v.

George **JEDWSKI**, Respondent.

No. 54998.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 28, 1989.

Darryl L. Hicks, Warrenton, for appellant.

Timothy M. Joyce, Warrenton, for respondent.

HAMILTON, Judge.

Richard L. Meremonte appeals from a judgment of the circuit court that awarded Respondent George Jedwski the sum of $1,462 on his counterclaim. We affirm in part and reverse in part.

In 1982, Meremonte and Jedwski entered into an oral farming agreement that continued through 1986. Both parties agreed Meremonte was to provide use of his land, supply lime, and supply one-half the cost of seed, fertilizer, and chemicals. In return, Jedwski would farm the land, providing machinery and labor. Each would share equally in profits from crops and in proceeds from a governmental "set-aside" program. Participation in the latter program required farmers to refrain from planting a percentage of acreage and to clear or "brush hog" said acreage.

The parties, having insured their crops against loss through Jedwski who was an insurance agent, agreed to share insurance proceeds equally. In 1986, they claimed a loss of $920. The claims adjuster assigned $322, or approximately one-third of the insurance proceeds to Meremonte; he assigned Jedwski $460, or one-half the proceeds.

The parties dispute who was to pay for combining and brush hogging. Meremonte claimed Jedwski was to bear the entire cost; Jedwski contended they agreed to share the cost equally.

In September, 1987, Meremonte filed suit in the small claims division of the associate circuit court, alleging Jedwski owed him $903.62, which included $645 for bales of hay, $166.75 for insurance on soybeans, and $91.81 for soybeans for 1986. Jedwski filed a counterclaim seeking $1,462 for costs of combining for the years 1982 through 1986 and $200 for brush hogging performed during the same period.

On March 9, 1988, following a hearing in the small claims division, the associate circuit court entered judgment for Meremonte on his petition in the amount of $645 and entered judgment for Jedwski on his counterclaim in the amount of $1,262. A net judgment was thus entered in favor of Jedwski in the amount of $617.

On March 18, 1988, Meremonte filed an Application for Trial De Novo in circuit court. On May 23, 1988, following an evidentiary hearing at which both parties were represented by counsel, the trial court entered judgment for Meremonte on his claim in the amount of $736.87 and judgment for Jedwski on his counterclaim in the amount of $1,462. A net judgment was, therefore, entered in favor of Jedwski for $725.13. This appeal followed.

Meremonte contends the trial court erred (1) in denying his claim against Jedwski for additional insurance proceeds in the amount of $128; (2) in granting Jedwski's claim for one half the cost of combining in the amount of $1,262; and (3) in granting Jedwski's claim for brush hogging in the amount of $200.

The standard for appellate review of a court-tried case is that the "judgment of the trial court will be sustained by the appellate court unless there is no substan-

tial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976).

■ With respect to the first point on appeal, Meremonte claims that Jedwski, as his insurance agent, breached a duty owed him to file a correct insurance claim for crop loss. The evidence shows that Jedwski provided Meremonte and himself with insurance for crop loss. They were to share any insurance proceeds equally. When, in 1986, they suffered a crop loss of $920, Jedwski received $460; Meremonte received only .$332, a difference of $128. Meremonte testified that Jedwski was responsible for payment of this difference to him because Jedwski was Meremonte's agent. Jedwski, however, testified that the claims adjuster who worked the claim, not Jedwski or his agency, listed an incorrect share on the proof of loss form. When Meremonte told Jedwski that he received less than $460 in insurance proceeds, Jedwski testified that he advised Meremonte to call the insurance company to correct the error because Jedwski's agency no longer wrote insurance for that company.

The record thus discloses a conflict in testimony. The resolution of conflicting testimony, the credibility of witnesses and the weight accorded testimony are within the province of the trial court. *V.S. Investment Corp. v. Village Square Shopping Center*, 688 S.W.2d 44, 46 (Mo.App.1985). Where, as here, the evidence is conflicting, the trial court possesses "the prerogative to determine the credibility of witnesses, accepting or rejecting all, part or none of the testimony." *In re Marriage of Plank*, 670 S.W.2d 185, 189 (Mo.App.1984). We, therefore, defer to the trial court's resolution of credibility and consider only evidentiary facts and inferences therefrom favorable to the prevailing party. *St. Charles County v. McPeak*, 730 S.W.2d 611, 612 (Mo.App.1987). The finding by the trial court in favor of Jedwski on this issue is consistent with and supported by the latter's testimony. Accordingly, that finding

is not clearly erroneous and must be affirmed.

Meremonte next asserts the trial court erred in granting Jedwski's claim for the cost of combining. He contends: (1) no credible evidence demonstrates Meremonte agreed to pay Jedwski for combining; (2) if the parties had agreed, the agreement was unenforceable under the Statute of Frauds; (3) if the parties had agreed and if the agreement were enforceable, Jedwski presented no proof of reasonable value of his claim for combining; and (4) if the parties had agreed, if the agreement were enforceable, and if Jedwski's claim were reasonable, the court erred in its calculation of damages.

■ In his testimony, Meremonte denied that he agreed to pay for any part of the cost of the combining. Jedwski, however, testified Meremonte agreed to pay one-half of that cost. The trial court, finding in favor of Jedwski, awarded him $1,262.

In a court-tried case, resolution of conflicting testimony is a function of the trial court. *V.S. Investment Corp.*, 688 S.W.2d at 46. Deferring, therefore, to the trial court's resolution of credibility, we consider only evidentiary facts and inferences therefrom favorable to the prevailing party below. *St. Charles County*, 730 S.W.2d at 612. Applying these principles to the instant case, we hold the record contains sufficient credible evidence that Meremonte agreed to pay Jedwski one-half the cost for combining.

■ Because Meremonte failed to present a Statute of Frauds defense to the trial court, he is precluded from now asserting this theory on appeal. *Wise v. Sands*, 739 S.W.2d 731, 734 (Mo.App.1987). A party is bound on appeal by the position he took at trial; an appellate court can review a case only upon the theory adopted and tried in the trial court. *McGlothin v. Eidelman & Traub, Inc.*, 733 S.W.2d 851, 853 (Mo.App.1987); *Turnbough v. Farmers Ins. Co.*, 720 S.W.2d 752, 754 (Mo.App. 1986). Accordingly, we decline to address this theory.

Further contending that Jedwski failed to prove the reasonable value of services rendered, Meremonte apparently assumes Jedwski sought to recover on his counterclaim under a theory of quantum meruit. Jedwski, however, pleaded and relied at trial only upon allegations of an express oral contract, not quantum meruit. *Cf. Berra v. Papin Builders, Inc.,* 706 S.W.2d 70, 73 (Mo.App.1986). Moreover, Meremonte failed to preserve this issue for appeal by omitting to raise the issue at the trial level. *Ozark Mountain Timber Products, Inc. v. Redus,* 725 S.W.2d 640, 645 (Mo.App.1987); *Butler v. Centerre Trust Co.* 656 S.W.2d 831, 835 (Mo.App.1983).

With respect to the amount owed for combining, we find the trial court erred in its calculation. Although the trial court awarded Jedwski $1,262 for one half the cost of combining, Jedwski conceded at trial that he mistakenly overcharged Meremonte for eight acres in 1983. Because the cost of combining was $18 per acre, Jedwski overcharged Meremonte by $72. The trial court's judgment shall be reduced by that amount.

In his final point on appeal, Meremonte asserts that no substantial evidence supports the trial court's judgment in favor of Jedwski for $200 for brush hogging. We agree. The record contains neither testimony nor exhibits to establish the amount owed for brush hogging. Therefore, the trial court's judgment on this point is reversed.

Affirmed in part, reversed in part.

DOWD, C.J., and SIMON, J., concur.