LAURA BOYKEN, Respondent, v. I. G. SHARP, Administrator, Appellant.

### Kansas City Court of Appeals, May 22, 1916.

PROBATE COURTS: Res Adjudicata: Judgment: Claim of Assets: Claim for Services. One woman served another by attending and waiting upon her, extending through her last sickness. The deceased owned some certificates of deposit for $740, which she promised to give for such service. After her death, the young woman took possession of and kept the certificates. The administrator filed proceedings against her in the probate court for claiming and withholding assets. She defended by claiming that they had been given to her for her services. The judgment was against her and she gave up the certificates. Afterwards she presented her claim to the probate court for such services, alleging and proving that deceased promised to pay her by transferring the certificates to her but failed to do so. The first proceedings in the probate court and the judgment thereon were set up as *res adjudicata* in bar and disallowed. It was *held* that the plea was not good and that the disallowance was proper.

Appeal from Vernon Circuit Court.—*Hon. B. G. Thurmond*, Judge.

AFFIRMED.

*T. J. Myers, J. M. Hull* and *M. T. January* for appellant.

*W. M. Bowker, W. H. Hallet* for respondent.

ELLISON, P. J.—Plaintiff presented a claim in the probate court against the estate of Mary J. Cooper, deceased, for services rendered her, including waiting upon her in her last sickness. The claim amounting to $740 was allowed. The administrator appealed to the circuit court where she again prevailed and defendant has brought the case here.

In the circuit court plaintiff filed an amended claim to which she attached an affidavit. The amended paper alleged plaintiff's services whereby deceased in her lifetime, became indebted to her in the sum of $740. She further alleged that deceased was the owner of certain personal property at her death, consisting of certificates of deposit in certain banks amounting to $740, and that deceased promised and agreed to give her in payment of her services whatever personal property she had at her death. That deceased before dying attempted to transfer this property to plaintiff "but did not complete the transfer and said property went into the hands of the administrator. Wherefore claimant prays judgment for said sum of $740 the amount due her."

Defendant then filed a plea of *res adjudicata* and offered the record of the probate court to sustain it. The trial court refused the offer, and that is the sole error assigned.

The plea of *res adjudicata* is that on the death of Mary J. Cooper and the appointment of the administrator, he instituted a proceeding in the probate court, under the statute for the discovery of assets. In which proceeding he charged that plaintiff had in her possession and was concealing this same property which he alleged belonged to the estate.

A citation was issued, interrogatories propounded and answers made. Plaintiff's answers to the interrogatories were a denial of having any property belonging to the estate. "But she admits that she has in her possession as her own property certain evidence of debt turned over to the affiant by Mary J. Cooper, in her lifetime, and that the affiant is absolute owner of all of said personal property, and that the estate of Mary J. Cooper has no right, title or interest in the same; that said personal property consists of the items set forth in the interrogatories, two, three and four, filed by the administrator." The plea then further alleged a judgment against plaintiff for the property by the probate court and that no appeal was taken by her.

We think it clear that the proceedings and judgment in the probate court were not *res adjudicata*. That judgment merely amounted to an adjudication that Mary Cooper did not transfer the title to the property to plaintiff and that it was property, the title to which, was in the estate; while the present demand is based on a claim for services for which Mary Cooper was to pay by transferring the property to plaintiff, but which she failed to do, wherefore she, or rather, the estate, owes her the value of the property. In the first the property itself was sought. In the latter claim, a judgment is asked in a certain sum, measured by the value of the property it is true, but which must be realized upon as any other like demand against the estate.

While counsel have not cited a case with like facts, they have referred us to several which determine the rule to be followed in ascertaining whether one adjudication bars another. [Womach v. St. Joseph, 201 Mo. 467, 476; Fritsch Foundry v. Goodwin, 100 Mo. App. 414; Russell v. Place, 94 U. S. 606.]

Defendant has called our attention to the rule that in applying the principle of *res adjudicata* one is bound by what he might and should have litigated in the first proceeding, even though he did not do so in fact. That rule does not affect this case; for here, plaintiff could not have litigated in the first proceeding the cause of action she now asserts.

The judgment must be affirmed. All concur.