Richard B. MEIER and Cheryl Z.
Clark, Plaintiffs–Appellants,

v.

Casper A. THORPE, Rose M. Thorpe, and
Boatmen's Bank of Rolla (formerly
Centerre Bank of Rolla), Defendants–
Respondents.

No. 17437.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 17, 1992.

David M. Duree, Nicholas B. Carter, Reinert & Duree, P.C., St. Louis, for plaintiffs-appellants.

W.H. Thomas, Jr., Charles Bennett, Thomas, Birdsong & Clayton, P.C., Rolla, for Casper M. Thorpe and Rose M. Thorpe.

Ronald D. White, Joseph W. Rigler, Williams, Robinson, Turley, Crump & White, Rolla, for Boatmen's Bank of Rolla.

FLANIGAN, Chief Judge.

On July 10, 1986, plaintiffs Richard B. Meier and Cheryl Z. Clark filed this action in the Circuit Court of Phelps county against defendants Casper A. Thorpe, Rose M. Thorpe and Boatmen's Bank of Rolla (formerly Centerre Bank of Rolla). Plaintiffs' action is one for "wrongful foreclosure." The petition alleged that on June 6, 1986, at the direction of the defendants, the trustee in a deed of trust sold land owned by the plaintiffs. The plaintiffs had previously executed the deed of trust in favor of defendants Thorpe, securing the payment of certain notes. The petition alleged that by reason of the conduct of the Thorpes in accepting late payments on the notes, they had waived their right to insist upon prompt payments and thus had no right to foreclose. The bank was allegedly a participant in the foreclosure. The Thorpes purchased the land at the foreclosure sale. The petition sought actual and punitive damages.

After the case had been transferred on change of venue to the Circuit Court of Maries County, the defendants, on February 19, 1991, filed a motion for summary judgment pursuant to Rule 74.[1] The motion recited that defendants were entitled to judgment as a matter of law on the following grounds:

"1. The sole issue raised in this action is whether or not there was a wrongful foreclosure, and that issue has already been resolved against the plaintiffs in a prior unlawful detainer action brought by defendants Casper A. Thorpe and Rose M. Thorpe against the plaintiffs.

2. The issue preclusion feature of res judicata bars a subsequent action for relief after a judgment has been rendered in a prior action, which judgment necessarily determined issues raised in the present action."

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R., and, except where otherwise indicated, all references to statutes are to RSMo 1986, V.A.M.S.

The trial court entered an order granting the motion for summary judgment. The order recited:

> The Court takes judicial notice of the earlier unlawful detainer case of *Thorpe v. Meier,* reported at 755 S.W.2d 683. After review of the pleadings, suggestions, and affidavits filed with the Court, the Court finds that the Thorpes' right to and basis for possession of the property that was the subject of the alleged wrongful foreclosure in this case was adjudicated in the case of *Thorpe v. Meier,* and that said adjudication as a matter of law bars the claim of plaintiffs against defendants Casper A. Thorpe and Rose M. Thorpe. The Court further finds that plaintiffs' cause of action was a compulsory counterclaim in the prior action for unlawful detainer, and is barred because it was not raised in the aforementioned action. Because plaintiffs' claim is barred, said defendants are entitled to summary judgment in their favor as a matter of law.

Plaintiffs appeal. This opinion will refer to the unlawful detainer action as "the first action."

In the first action, Casper A. Thorpe and Rose M. Thorpe, respondents here, were plaintiffs, and Richard B. Meier and Cheryl Clark, appellants here, were defendants. The action was filed July 8, 1986, in the Circuit Court of Phelps County and was an unlawful detainer action under Chapter 534 RSMo 1986. The proceedings in the other action were conducted by Judge Turley, an associate circuit judge, "without assignment to hear the case on the record under procedures applicable before circuit judges." *See, Thorpe v. Meier,* 755 S.W.2d 683, 689 (Mo.App.1988). On October 2, 1986, Judge Turley entered a judgment in favor of plaintiffs Thorpe, finding that they were entitled to the possession of the real estate and to damages. Later, the defendants in the first action filed a proceeding under Rule 74.78 seeking to set aside the judgment of October 2, 1986. That proceeding was unsuccessful and this court, in *Thorpe v. Meier, supra,* affirmed the order which denied the motion to set aside the judgment.

■ Appellants Meier and Clark's sole point on this appeal is that the trial court erred in sustaining the motion for summary judgment "because [appellants'] wrongful foreclosure action could not have been raised or filed in [the first action] in that the sole issue that may be tried in an unlawful detainer action is the right of immediate possession, and counterclaims may not be filed regardless of subject matter, and the issue of title may not be determined in unlawful detainer actions."

For the reasons which follow, this court holds that the judgment in the first action is no bar to this action, that the claim for wrongful foreclosure asserted in this action could not have been asserted as a counterclaim in the first action, that the trial court in the first action lacked subject matter jurisdiction with respect to the claim for wrongful foreclosure, and that the motion for summary judgment had no merit.

The first action was an unlawful detainer action under Chapter 534. In *Leve v. Delph,* 710 S.W.2d 389, 391–392 (Mo.App. 1986), the court said:

> [T]he unlawful detainer statute is an exclusive and special code to which the ordinary rules and proceedings of other civil actions do not apply. The sole issue in an unlawful detainer action is the immediate right of possession. Issues relating to title or matters of equity, such as mistake, estoppel and waiver cannot be interposed as a defense. It is generally held that counterclaims are also prohibited in unlawful detainer proceedings, regardless of the subject matter, unless permitted by statute. Missouri statutes do not so permit. Defendants' argument ignores the special summary nature of unlawful detainer proceedings. Action for unlawful detainer is a possessory action only, and mere equitable rights or interests which defendants think themselves entitled to cannot be set up therein. To permit defendants to assert an equitable defense would defeat the purpose behind an unlawful detainer action.
>
> The law in Missouri is clear that an equitable affirmative defense cannot be

raised in an unlawful detainer action. (Citing authorities.)

In the first action, issues relating to title or matters of equity could not be interposed as a defense or as a counterclaim.[2] *Leve, supra.* Section 534.210 reads: "The merits of the title shall in nowise be inquired into, on any complaint which shall be exhibited by virtue of the provisions of this chapter." In short, it was not possible for the defendants in the first action, appellants here, to have challenged the validity of the trustee's deed which the Thorpes received as a result of the foreclosure sale of June 6, 1986.

 "A judgment is not conclusive of any question which, from the nature of the case or the form of action, could not have been adjudicated in the case in which it was rendered." *Ash Sheep Co. v. United States,* 252 U.S. 159, 40 S.Ct. 241, 244, 64 L.Ed. 507 (1920). "It is of course obvious that issues outside the jurisdiction of the court to determine, cannot become res judicata by virtue of its judgment." 2 Freeman on Judgments § 699 (5th ed. 1925). *See, also, Wilson v. Lubke,* 176 Mo. 210, 75 S.W. 602, 603[2] (1903); *Boyken v. Sharp,* 193 Mo.App. 607, 187 S.W. 90, 91[2] (1916); 46 Am.Jur.2d Judgments § 420; 50 C.J.S. Judgments § 731.

The bank, as respondent, in a separate brief seeks to uphold the judgment on a ground not set forth in the motion for summary judgment. Rule 74.04(c) requires that a motion for summary judgment "state with particularity the grounds therefor." Since the separate ground was not contained in the motion, it was not addressed in the trial court by the plaintiffs or by the trial court and will not be considered here. The bank may, if so advised, raise that ground by filing another motion for summary judgment after remand.

The judgment is reversed and the cause remanded.

SHRUM, P.J., and MAUS, J., concur.

---

2. Since all of the proceedings in the trial court in the first action took place in 1986, it is unnecessary to consider changes in statutes or rules, pertaining to procedures in actions before associate circuit judges, which became effective in 1987 or later years. See, for example, § 478.-225 RSMo 1986, which became effective January 1, 1987, and which was repealed, L.1989, S.B. 127, et al., § A.